UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRYAN AYALA, § | | |
| TDCJ No. 02049700, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil No. SA-19-CA-0716-OLG |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner Bryan Ayala's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Lorie Davis's Answer (ECF No. 7), and Petitioner's Reply (ECF No. 9) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In November 2015, Petitioner was found guilty by a Comal County jury of aggravated robbery and was sentenced by the trial court to eleven years of imprisonment. *State v. Ayala*, No. CR2014-227 (207th Dist. Ct., Comal Cnty., Tex. Nov. 9, 2015) (ECF No. 8-14 at 50-52). The facts of Petitioner's offense were accurately summarized by the Third Court of Appeals on direct appeal:

> The jury heard testimony from complainant Joel Desrosiers, who testified, in relevant part, as follows:

On May 15, 2013, Desrosiers received a call from an acquaintance, Kelly Brown-Brannon, who asked if he would be willing to sell a large amount of pills to two men, whom she did not identify by name. He agreed and, shortly thereafter, met the men at a gas station. The two men suggested that they complete the transaction at a nearby hotel where Brown-Brannon was staying. Desrosiers drove separately to the hotel. When he approached Brown-Brannon's hotel room, one of the men, who was later identified as Rumaldo Aguirre, was standing outside. Desrosiers followed Aguirre into the room, where Brown-Brannon was lying on the bed. Desrosiers then "noticed somebody come out of the shadows that had a gun on him and then closed the door behind him." Both men were standing by the door, and "[Aguirre] ended up with the gun." Pointing the gun at Desrosiers, Aguirre ordered Desrosiers to give him everything in his pockets, and Desrosiers refused. Desrosiers tried to leave but was struck across the face by either a fist or a gun. He was repeatedly hit, kicked, and choked by two different people. He recalled Brown-Brannon saying, "choke him out," and then he passed out. He awoke in the hotel parking lot with multiple injuries. The items from his pockets—his keys, wallet, two knives, and prescription medication—had been taken. He spoke with police who had been called to the scene and was airlifted to the hospital.

At trial, Desrosiers positively identified [Petitioner] as the other assailant. Aguirre and Brown-Brannon also testified that [Petitioner] was the other assailant. The jury found [Petitioner] guilty, and the trial court sentenced him to 11 years' imprisonment. [Petitioner] appealed.

*Ayala v. State*, No. 03-16-00045-CR, 2017 WL 6273256 (Tex. App.─Austin, Dec. 7, 2017, pet. ref'd); (ECF No. 8-3 at 1-2).

The Texas Third Court of Appeals affirmed Petitioner's conviction in an unpublished opinion on direct appeal. *Id.* The Texas Court of Criminal Appeals (TCCA) then refused his petition for discretionary review (PDR). *Ayala v. State*, No. 0033-18 (Tex. Crim. App. Mar. 21, 2018). In November 2018, Petitioner filed a state habeas corpus application challenging the constitutionality of his state court conviction, but the TCCA eventually denied the application without written order March 13, 2019. *Ex parte Ayala*, No. 88,630-03 (Tex. Crim. App.); (ECF Nos. 8-37 through 8-46).

Petitioner initiated the instant proceedings on June 19, 2019. (ECF No. 1). In the petition, Petitioner raises the only allegation that was litigated and rejected by the TCCA during

his state habeas proceedings: the State withheld exculpatory in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). In her answer, Respondent relies on the state court's adjudication of this allegation and argues federal habeas relief is precluded under the AEDPA's deferential standard. (ECF No. 7).

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was

objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Analysis

Petitioner's sole allegation in these proceedings is that the State withheld exculpatory *Brady* evidence from the defense that was later admitted at the trial of his co-defendant, Rumaldo Aguirre. The evidence—a copy of a search warrant and return that was served on the victim, Joel Desrosiers—showed a substantial amount of illegal narcotics were found by police in Desrosiers's hotel room on the same day he was robbed. According to Petitioner, a different trial strategy would have been utilized by trial counsel had this evidence been made available. However, this allegation was rejected by the TCCA during Petitioner's state habeas proceedings. As discussed below, Petitioner fails to show that either court's determination was contrary to, or involved an unreasonable application of, federal law, or that it was an unreasonable determination of the facts based on the evidence in the record.

It is well-established that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at

87.  In order to establish a *Brady* violation, a petitioner must demonstrate that (1) the prosecution suppressed evidence, (2) that evidence was favorable to the defense, and (3) the evidence was material to either guilt or punishment.  *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Graves v. Cockrell*, 351 F.3d 143, 153-54 (5th Cir. 2003).  Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  *United States v. Bagley*, 473 U.S. 667, 684 (1985).  But the materiality of *Brady* evidence "depends almost entirely on the value of the evidence relative to the other evidence mustered by the state."  *Rocha v. Thaler*, 619 F.3d 387, 396 (5th Cir. 2010) (quoting *United States v. Sipe*, 388 F.3d 471, 478 (5th Cir. 2004)).  "If the evidence provides only incremental impeachment value, it does not rise to the level of *Brady* materiality."  *Miller v. Dretke*, 431 F.3d 241, 251 (5th Cir. 2005).

Here, Petitioner's *Brady* claim must fail because he has not demonstrated that the evidence in question—the search warrant and return—were material.  Petitioner contends the documents establish that a cell phone and a substantial amount of drugs were recovered from Desrosiers's hotel room on the same day Petitioner allegedly stole Desrosiers's phone and drugs.  Petitioner seems to imply that because these items were found in the victim's hotel room, they were not, in fact, stolen by Petitioner.  But simply because drugs and a phone were later found in Desrosiers's hotel room does not mean they were the same items allegedly stolen by Petitioner.  Indeed, the fact that *more* drugs and a cell phone were found in Desrosiers's possession is wholly unremarkable given his testimony admitting he was a convicted drug dealer who sold prescription medications and that he was on at least four different medications (Xanax, a fentanyl patch, Vicodin, and Ambien) at the time.  (ECF No. 8-6 at 100-03, 116).

5

Without little elaboration, Petitioner contends "a different trial strategy would have been utilized" had the State provided this evidence to his trial counsel. According to Petitioner, counsel could have "incorporated a different strategy of presenting a theory of a major drug dealer and buyer having a dispute over pills and money." Petitioner's speculative and conclusory allegation does little, if anything, to establish the materiality of the missing evidence. *See Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) ("Allegations that are merely 'conclusionary' or are purely speculative cannot support a *Brady* claim"); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). This is especially true given that the evidence was presented at the trial for Petitioner's co-defendant, Aguirre, and Aguirre was convicted anyway.

Similarly, Petitioner provides nothing but speculation that knowledge of the search warrant and return would have led to a lighter sentence. This is understandable, given that it is hard to imagine how knowledge that the victim, an admitted drug dealer, had even more drugs in his possession would have led to a lighter punishment for robbery. While Petitioner briefly mentions that he received an 11-year sentence while Aguirre received probation, this disparity is easily explained by the fact that *favorable* evidence was presented to the jury in the Aguirre case while *unfavorable* evidence was presented to the judge in Petitioner's case. This unfavorable evidence included testimony that Petitioner had assaulted his girlfriend in front of their child while he was out on bond for another felony offense, sent her violent text messages afterward, and was out on probation when he committed the instant offense. (ECF No. 8-9 at 11-35).

In sum, Petitioner has not shown that the missing evidence was either favorable or material to guilt-innocence of punishment phase of his trial. *Bagley*, 473 U.S. 667, 684 (1985). Accordingly, he has not established a *Brady* violation, and thus fails to demonstrate that the state

court's rejection of his claim was either contrary to, or an unreasonable application of, clearly established federal law.

## IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V.  Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claim on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the

7

evidence presented during Petitioner's state trial and appellate proceedings. As a result, Petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.  Federal habeas corpus relief is **DENIED** and Petitioner Bryan Ayala's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.  No Certificate of Appealability shall issue in this case; and

3.  All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ___20th___ day of May, 2020.

							**ORLANDO L. GARCIA**
							**Chief United States District Judge**